**DISCIPLINARY COUNSEL *v.* HORTON.**

[Cite as *Disciplinary Counsel v. Horton*, 124 Ohio St.3d 434, 2010-Ohio-579.]

*Attorney misconduct, including neglecting an entrusted legal matter, failing to promptly pay funds a client is entitled to receive, and engaging in conduct involving dishonesty, fraud, and deceit — Two-year suspension, with second year stayed on conditions.*

(No. 2009-1501 — Submitted October 20, 2009 — Decided February 24, 2010.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 08-020.

_____

**Per Curiam**.

{¶ 1} Respondent, Debbie Kay Horton of Cleveland, Ohio, Attorney Registration No. 0033622, was admitted to the practice of law in Ohio in 1986.

{¶ 2} The Board of Commissioners on Grievances and Discipline recommends that we suspend respondent's license to practice for two years and stay the second year on conditions, including monitored probation, training in law-office management, stress-management counseling, and repayment of the legal fees she charged her clients. The recommendation is based on the board's findings that respondent settled a couple's personal-injury claims and endorsed settlement checks without their authority and then converted the settlement proceeds to her own use. We accept the findings that respondent committed this professional misconduct and also accept the recommended sanction of a two-year suspension from practice with the last year stayed on remedial conditions.

{¶ 3} Relator, Disciplinary Counsel, charged respondent with multiple violations of the Disciplinary Rules of the Code of Professional Responsibility. A panel of three board members heard the case, including the parties'

comprehensive stipulations, and then made findings of fact and conclusions of law and recommended the two-year suspension with a conditional stay of the last year. The board adopted the panel's findings of misconduct and recommendation, but added as a condition that respondent repay a $1,300 legal fee to her clients.

{¶ 4} The parties have not objected to the board report.

## Misconduct

{¶ 5} A couple retained respondent in February 2005 to recover for injuries they and their daughter sustained in an automobile accident. The couple agreed to pay respondent a one-third contingent fee, and respondent explained to them that the recovery would probably be less than $5,000 because of the relatively minor injuries involved. The couple did not, however, authorize respondent to resolve the dispute by entering into a final settlement agreement.

{¶ 6} Respondent nevertheless negotiated a settlement on behalf of her clients. In the summer of 2005, she accepted a $3,800 settlement offer without notifying her clients or obtaining their consent to the agreement. She then forged her clients' signatures on three separate settlement checks, cashed the checks, and converted the settlement proceeds to her own use. Respondent consequently did not provide the releases that she had promised to the tortfeasor's insurance carrier.

{¶ 7} Respondent's clients contacted her in October 2006 to inquire about the status of the case. Respondent falsely represented that she had filed suit in the Cuyahoga County Common Pleas Court and that a trial was scheduled for early 2007. The couple later authorized another lawyer to investigate respondent's progress in the case, and that lawyer discovered respondent's misrepresentation and conversion.

{¶ 8} After the discovery of her wrongdoing, respondent, who did not continuously maintain a client trust account, sent her clients a cashier's check for $2,500. Respondent retained $1,300 of the settlement proceeds for fees.

**{¶ 9}** Having compromised her clients' interests by settling their claims without consent, forging their signatures on the settlement checks, and then stealing the money, respondent admitted violations of the following Disciplinary Rules: DR 1-102(A)(4) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), 1-102(A)(6) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law), 6-101(A)(3) (prohibiting a lawyer from neglecting an entrusted legal matter), 9-102(A) (requiring a lawyer to deposit client funds in an identifiable bank account containing no funds belonging to the lawyer), and 9-102(B)(4) (requiring a lawyer to promptly pay funds a client is entitled to receive). The board accepted these admissions and also found respondent in violation of DR 1-102(A)(5) (prohibiting a lawyer from engaging in conduct that is prejudicial to the administration of justice) and 7-101(A)(2) (prohibiting a lawyer from intentionally failing to carry out a contract of professional employment). We find the evidence of these violations clear and convincing and confirm that respondent committed this misconduct.

### Sanction

**{¶ 10}** In recommending a sanction for respondent's misconduct, the board considered sanctions imposed in similar cases and weighed the aggravating and mitigating factors of her case.

**{¶ 11}** The board found guidance in *Cleveland Bar Assn. v. Mishler*, 118 Ohio St.3d 109, 2008-Ohio-1810, 886 N.E.2d 818, summarizing:

**{¶ 12}** "In *Mishler,* an attorney was suspended for two years, with the second year stayed, upon conditions, for settling a case without authority, forging the client's signature, lying to the client about the case, not returning client funds for a period of time, a failure to account for client funds, and charging excessive fees. As herein, * * * there was significant mitigating evidence."

{¶ 13} In finding "significant" evidence weighing in favor of leniency, the board cited respondent's personal tribulations during the underlying events. Serious illnesses in her family, caretaking demands that prevented her from sustaining her formerly busy practice, and her husband's job loss caused her to lose her home and file for bankruptcy. These difficulties, while no excuse for respondent's transgressions, offered some insight into the pressures she was enduring at the same time. Other mitigating factors were that respondent, who did not start practicing law until 1991, had no prior discipline, cooperated during the disciplinary process, and had made partial restitution to her clients. See Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg.") 10(B)(2)(a), (c), and (d). Respondent also presented witness testimony as to her character and reputation apart from the improprieties that led to the instant complaint. See BCGD Proc.Reg. 10(B)(2)(e). Finally, respondent acknowledged the gravity of her ethical breaches and sought counseling from the Ohio Lawyers Assistance Program ("OLAP") for stress management. Thus, though respondent deceived her clients and kept their settlement money until they discovered the deceit, the board followed *Mishler* and recommended a two-year suspension with one year stayed on conditions aimed at assisting in respondent's rehabilitation.

{¶ 14} We accept the board's findings of misconduct and recommendation. Respondent is therefore suspended from the practice of law in Ohio for two years; however, the second year of the suspension is stayed, provided that respondent (1) complete the three-year treatment regimen in accordance with OLAP recommendations, (2) complete 12 hours of continuing-legal-education training in law-office, caseload, and time management, in addition to the requirements of Gov.Bar R. X, (3) complete one year of monitored probation pursuant to Gov.Bar R. V(9) under the auspices of a lawyer appointed by relator, and (4) repay her clients the $1,300 she charged in fees. If respondent

fails to comply with the terms of the stay and probation, the stay will be lifted, and respondent will serve the entire two-year suspension.

{¶ 15} Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

Jonathan E. Coughlan, Disciplinary Counsel, and Carol A. Costa, Assistant Disciplinary Counsel, for relator.

Murman & Associates, Michael E. Murman, and Raymond S. Gruss, for respondent.

_____